FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 0 2 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STUART C. IRBY COMPANY                    PLAINTIFF

v.                                Civil Action No. 4:12-CV-0254 BSM

HYDCO, INC. and EMPLOYERS MUTUAL          DEFENDANTS
CASUALTY COMPANY

This case assigned to District Judge Miller
and to Magistrate Judge Ray

## COMPLAINT

Stuart C. Irby Company ("Irby") respectfully submits this complaint against defendants Hydco, Inc. ("Hydco") and Employers Mutual Casualty Company ("EMC").

### Parties

1. Irby is a Mississippi corporation. Its principal place of business is located at 815 South State Street, Jackson, Mississippi.

2. Hydco is an Arkansas corporation. Its principal place of business is located at North Little Rock, Pulaski County, Arkansas.

3. EMC is an Iowa corporation. Its principal place of business is located in Iowa.

### Jurisdiction

4. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332. The matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

### Venue

5. Venue is properly laid in this judicial district under 28 U.S.C. § 1391 because one of the defendants resides in this judicial district.

## Facts

6. In December 2011, Irby acquired Treadway Electric Company ("Treadway") and now owns all of its contracts, accounts and claims.

7. During a period ending on May 3, 2011, Treadway supplied James Electric, Inc. ("James Electric") with electrical materials for use in the construction of Mansfield Juvenile Treatment Replacement Facility (the "Project"). James Electric was a subcontractor on the Project.

8. The owner of the Project was the Arkansas Department of Human Services ("ADHS"). ADHS contracted with Hydco to serve as the general contractor on the Project. Pursuant to Ark. Code Ann. § 22-9-401, EMC provided in connection with the Project Arkansas Statutory Performance and Payment Bond No. S37824 (the "Bond"). A copy of the Bond is attached as Exhibit 1.

9. James Electric agreed to pay Treadway $472,004.62 for the materials Treadway furnished for the Project. Treadway provided James Electric with invoices reflecting the material furnished for the Project and the amounts owed for the materials.

10. James Electric accepted and did not dispute the invoices that Treadway submitted to it. Even so, James Electric did not fully pay for the materials furnished for the Project.

11. The outstanding delinquent principal balance owed to Treadway/Irby for the materials Treadway furnished to the Project is $206,357.46.

12. On June 1, 2011, Treadway made a valid claim (the "Claim") on the Bond for the unpaid amounts owed to it in connection with the materials it furnished for the Project. A copy of the Claim is attached as Exhibit 2.

13. At ¶ c., the Bond states that Hydco "shall pay all persons all indebtedness for . . . material furnished . . . under the Contract . . . ." Paragraph c. further states that "[i]n the event that . . . [Hydco] fails to pay for such indebtedness, such persons shall have a direct right of action against . . . [Hydco] and . . . [EMC], jointly and severally, under this obligation . . . ."

14. Despite those clear contractual obligations to Treadway/Irby, Hydco and EMC refused, without legitimate justification, to pay the Claim.

15. Treadway/Irby satisfied all conditions for payment of the Claim.

### Claims

*Claim No. 1 – Breach of Contract against Hydco and EMC*

16. Irby incorporates all of the preceding paragraphs.

17. Hydco and EMC are obligated under the Bond's terms to pay Treadway/Irby for the materials Treadway furnished for the Project.

18. Without legitimate justification, Hydco and EMC violated the Bond's terms because they refused to pay the Claim.

19. Pursuant to Ark. Code Ann. § 23-79-208, Hydco's and EMC's refusal to pay the Claim without legitimate justification makes them subject to a penalty amount of 12% and the attorneys' fees that Treadway/Irby have incurred and will incur to prosecute and collect the Claim. Attorneys' fees are also recoverable under Ark. Code Ann. § 16-22-308.

*Claim No. 2 – Quantum Meruit and Unjust Enrichment against Hydco*

20. Irby incorporates all of the preceding paragraphs.

21. The materials Treadway furnished for the Project were provided at James Electric's request, acting with the authority of Hydco.

22. Hydco knew or should have known that Treadway was furnishing materials to the Project and acquiesced and accepted the materials. Those materials furnished for the Project directly benefited Hydco.

23. The reasonable value of the materials Treadway furnished for the Project and for which Treadway was not paid is $206,357.46.

24. Despite its demand, Treadway/Irby was not paid for the electrical materials supplied to the Project.

25. Hydco's failure to pay for the materials furnished for the Project caused Irby to suffer damage.

26. For Hydco to benefit from the materials furnished for the Project while Treadway/Irby suffered a loss is an unjust and inequitable result.

### Requested Relief

ACCORDINGLY, Irby respectfully requests that the Court enter a judgment under Claim No. 1 making the defendants jointly and severally liable to Irby for the following:

(i) the delinquent principal account balance of $206,357.46;

(ii) attorneys' fees and costs incurred to prosecute this claim;

(iii) a 12% penalty;

(iv) pre and post-judgment interest/finance charges;

(v) all additional relief that the Court deems appropriate.

If, however, the Court determines that liability only exists under the alternative Claim No. 2, Irby requests that the Court enter a judgment making Hydco liable for all above-listed items except item (iii).

Dated: May 1, 2012.

                                              STUART C. IRBY COMPANY

                                              By: _____
                                                      /One of Its Attorneys

OF COUNSEL:
Jason E. Sharp, Arkansas Bar No. 2005263
jsharp@brunini.com
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
Post Office Drawer 7520
Columbus, Mississippi  39705-0024
410 Main Street
Columbus, Mississippi  39701
Telephone:  (662) 329-8351
Facsimile:  (662) 240-4127



PERFORMANCE AND PAYMENT BOND
Section 00614 / Rev: Aug-09

Number: S378324

We _____ HYDCO, Inc. _____, hereinafter referred to as Principal,

and __Employers Mutual Casualty Company__, hereinafter referred to as Surety, are held and

firmly bound unto _____Arkansas Department of Human Services_____, as obligee, hereinafter referred to as Owner, in the initial amount of   $  6,649,000.00 , said amount to be deemed a performance bond payable to Owner under the terms of this Performance and Payment Bond Agreement. The Principal and Surety state that the Surety is a solvent corporate surety company authorized to do business in the State of Arkansas.

Principal has by written agreement dated _____Monday, March 08, 2010_____ entered into a capital improvement contract (hereinafter referred to as "Contract") with the Owner for Mansfield Juvenile Treatment Replacement Facility           Project # 7101009
The above referenced Contract is incorporated herein by reference.

Under this Performance and Payment Bond Agreement, the Principal and Surety shall be responsible for the following:

   a. The Principal shall faithfully perform the above referenced Contract, which is incorporated herein by reference and shall pay all indebtedness for labor and materials furnished or performed under the Contract.

   b. In the event that the Principal fails to perform the Contract, the Principal and the Surety, jointly and severally, shall indemnify and save harmless the Owner from all cost and damage which the Owner may suffer by reason of Principal's failure to perform the Contract. Said indemnification shall include, but not be limited to, full reimbursement and repayment to the Owner for all outlays and expenses which the Owner may incur in making good any such default or failure to perform the Contract by the Principal.

   c. Principal shall pay all persons all indebtedness for labor or material furnished or performed under the Contract and in doing so this obligation shall be null and void. In the event that Principal fails to pay for such indebtedness, such persons shall have a direct right of action against the Principal and Surety, jointly and severally, under this obligation, subject to the Owner's priority.

   d. Principal shall guarantee the faithful performance of the prevailing hourly wage clause as provided in the Contract.

**EXHIBIT 1**

This bond is given in accordance with state and federal laws, rules and regulations, including but not limited to Ark. Code Ann. § 18-44-503, §19-4-1405, and § 22-9-401 et seq. The Surety guarantees that the Principal shall comply with Ark. Code Ann. § 22-9-308 (d) by payment and full compliance with all prevailing hourly wage contract provisions where the contract amount exceeds the amount provided in Ark. Code Ann. § 22-9-302(1).

Any changes made in the terms of the Contract, including but not limited to, the amount of the Contract, or in the work to be done under it, or the giving by the Owner of any extension of time for the performance of the contract, or any other forbearance on the part of either the Owner or the Principal to the other shall not in any way release the Principal and the Surety or Sureties or either or any of them, their heirs, personal representatives, successors or assigns from their liability hereunder, notice to and consent of the Surety or Sureties of any such change, extension or forbearance being are hereby voluntarily waived. In no event shall the aggregate liability of the Surety exceed the Contract documents.

This Performance and Payment Bond Agreement is binding upon the above named parties, and their successors, heirs, assigns and personal representatives.

Executed by the parties who individually represent that each voluntarily enters into and has the authority to enter into this agreement.

By: _____
    Contractor's Signature                              Date

By: _____  March 10, 2010
    Arkansas Resident Agent or Non-Resident Agent Signature    Date

28940                                            21415
Agent's License Number                           Surety Company's NAIC Number

Sherry L Burgener                                March 10, 2010
Print Agent's Name                               Date

Risk Services of Arkansas, LLC; P.O. Box 251956
Street Address

Little Rock          Pulaski          AR        72225
City                 County           State     Zip Code

501-666-6653                         501-666-7168
Business Phone Number                 Fax Number

PERFORMANCE AND PAYMENT BOND                         00614 - 2 OF 2

# EMC. Insurance Companies

**PROOF OF CLAIM — CONSTRUCTION CONTRACT**
Filing does not constitute acceptance or waiver by the Surety.

H.O. BONDS
JUN 03 2011

| | | | |
|---|---|---|---|
| Principal | Hydco, Inc. | Bond No. | S37 83 24 |
| Project | Mansfield Juvenile Treatment Replacement Facility | Claim No. | |

The undersigned, being duly sworn, deposes and says:

I hold the position of **Credit Manager**, and in such position I am familiar with the books and business of the claimant and am authorized to make this affidavit. The facts set out below are true.

**ALL ITEMS BELOW MUST BE COMPLETED. IF NONE OR NOT APPLICABLE, SO STATE.**

| Name and address of claimant: | Name and address of debtor (YOUR CUSTOMER): |
|---|---|
| Treadway Electric Company, Inc.<br>3300 W 65th Street<br>Little Rock, AR 72209 | James Electric Inc.<br>P.O. Box 23002<br>Little Rock, AR 72221-3002 |

| TAX I.D./S.S. #: 71-0180320 | Your claim is based on:<br>☐ Subcontract ☐ Purchase order ☑ Open account |
|---|---|
| Legal status of claimant:<br>☑ Corporation ☐ Partnership ☐ Individual | ☐ Other (specify)<br>☐ Oral ☐ Written (attach copy) |

Description of services or materials claimed for and dates when supplied or delivered:
**Electrical Materials  7-7-2010 Through 6-3-2011**

**COMPUTATION OF CLAIM**

| | | **NOTICE GIVEN** | | |
|---|---|---|---|---|
| Agreed price $ | 472,004.62 | TO | DATE | METHOD |
| Extras or adjustments | -0- | Surety | 5/6/2011 | Certified Mail |
| Paid on account or credits | $265,647.16 | Owner | 5/6/2011 | Certified Mail |
| NET CLAIM $ | 206,357.46 | Principal | 5/6/2011 | Certified Mail |

Are you holding anything that belongs to the Principal? Yes ☐ No ☑

Has this claim been assigned? Yes ☐ No ☑   To whom? _____ (attach copy of assignment)

Liens or encumbrances on claim (AMOUNT, DATE):

Are any amounts due from you to others on this job? Yes ☐ No ☑

If yes, to whom?

A copy of the subcontract or purchase order and copies of delivery tickets or other evidences of receipt of the materials or services are attached and made a part of this affidavit.
A copy of each written notice alleged to have been given is attached, and made a part of this affidavit.
This affidavit is made to induce the Employers Mutual Casualty Company, as Surety, on a bond covering the above mentioned contract, to settle the claim herein set forth.

_____
(Signature of person making affidavit)

State of **Arkansas**
County of **Pulaski**

Signed and sworn to before me on **June 1st**, 20 **11**
said subscriber being known to me and known by me to be the person described in the above instrument.

_____
Notary Public

ELLEN WOOD
Pulaski County
My Commission Expires
September 9, 2015

7040-E (6-05)

**EXHIBIT 2**